Marc Steven Applbaum, Esq. SBN#222511
MIDWAY LAW FIRM APC
4275 Executive Square, Suite 200
La Jolla, CA 92037
Office Telephone: (760) 484-1203
marc@midwaylawfirm.com

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN VAN DE WALKER, TRACY VAN DE WALKER )<br><br>)<br>PLAINTIFFS, )<br>)<br>vs. )<br>)<br>BRIAN K. WIDENER, )<br>INDIVIDUALLY AND AS AN )<br>EMPLOYEE OF THE CITY OF )<br>SAN DIEGO, FEDERAL AVIATION )<br>ADMINSTRATION, )<br>SAN DIEGO COUNTY REGIONAL )<br>AIRPORT AUTHORITY, )<br>CALIFORNIA COASTAL )<br>COMMISSION, DOES 1-50 )<br>)<br>)<br>)<br>DEFENDANTS. )<br> | Case No.  **'21CV1829 BAS BGS**<br><br>**PETITION AND COMPLAINT FOR WRIT OF MANDATE, INJUNCTIVE RELIEF AND DAMAGES**<br><br>FEDERAL AND STATE CIVIL RIGHTS, INVERSE CONDEMNATION, CALIFORNIA ENVIRONMENTAL QUALITY ACT; CALIFORNIA CONSTITUTION VIOLATIONS<br><br>[49 CRF §24, 42 USC §1983, United States Constitution, Fifth Amendment, California Art. 16 Sec. 6, Art 1, Sec. 13, Public Resources Code §21167] |

## INTRODUCTION

1.    BRIAN K. WIDENER ("CITY FORESTER") wants the city of San Diego to remove all tall palm trees, including, but not limited to those on Newport Avenue, Santa Barbara and Newport to Venice Street in Ocean Beach, California in addition to having the taxpayers in California bear the cost of the environmental impact for improving airport safety without an environmental impact study being approved and ratified by the California Coastal Commission or by having a public forum open to discussion by the homeowners in this district.

2.    In attempting a quick grab for federal money available from the Federal Aviation Administration (FAA), the City of San Diego City Forester is attempting to slip under the radar of public scrutiny and to avoid environmental review of the significant impacts of mitigation violating FAA procurement rules by instructing the City Forester to cut down, extract and/or destroy iconic and histroric palm trees, including, but not limited to those located on Newport Avenue, Santa Barbara and Newport to Venice Street. ("PROJECT")

3.    On October 22, 2021, PLAINTIFFS, through counsel sent a cease and desist letter to the San Diego Mayor, City Attorney, City Forester and the FAA. (A true copy is attached as Exhibit A)

4.    Upon information and belief all city, county and federal government officials are ignoring the multiple attempts by undersigned counsel in favor of CITY FORESTER extraction efforts. The result has been a conscious effort to avoid providing public notice to the City of San Diego residents, including, but not limited to the PLAINTIFF. Property owners and taxpayers in this district, including the plaintiffs were never told about the plan to remove the 100 year old, iconic palm trees until they received a boiler plate letter from the San Diego Airport Authority on or about October 16, 2021 and still have not been presented with any details of what and when the City of San Diego or the FAA sets out to do. (A true copy of the correspondence is attached as Exhibit B)

5. Furthermore, the extraction program is being driven by Defendant, BRIAN K. WIDENER that uses public money to achieve his personal agenda by extracting the 100 year old palm trees that dramatically diminishes the value of the PLAINTIFF'S real property. (herein rerferred to as the "PROJECT")

6. Thus the "project" would use public monies with no viable public purpose, constituting a gift of public funds in violation of the California constitution prohibition against same.

7. PLAINTIFFS allege that the DEFENDANTS, jointly and severally has entered into contracts with the City of San Diego to remove, extract and mutilate 100 year old palm trees that has created damages to the value and use of the PLAINTIFFS' property. Such damage requires "just compensation" under the constitution of California and the United States.

## II. PARTIES

8. DEFENDANT, Federal Aviation Administration (FAA) is a federal agency with a district office in Van Nuys, California. The FAA is charged with the safety of the United States aviation system, including the safety of the San Diego airport.

9. DEFENDANT San Diego International Airport is owned and operated by the San Diego County Regional Airport Authority, formed under the laws of California, and located on North Harbor Drive in San Diego, California.

10. PLAINTIFFS, JOHN VAN DE WALKER AND TRACY VAN DE WALKER (herein as the PLAINTIFFS) are individuals and property owners that live in the ocean community known as Ocean Beach that is located in this district.

11. BRIAN K. WIDENER, while acting under color of state law is abusing his authority by the regulatory taking of the palm trees without regard to environmental impact to the coastal community or to depreciating property values in this district.

12. PLAINTIFFS own a single family residence located at 4404 Newport Avenue, San Diego, CA 92107 that is currently valued at $1.765M according the San Diego County

Recorder that was purchased on April 4, 2008 and have lived in this neighborhood and district for over 25 years. (herein as the SUBJECT PROPERTY).

13.    At all times material, PLAINTIFFS have attempted to participate fully in the public comment and public hearing process involving the palm trees lined on Newport.

14.    PLAINTIFFS have exhausted all administrative remedies, including objecting consistently to the Project as it has been presented and considered, raising the factual and legal objections asserted in this complaint, and through repeated attempts to obtain authority in compliance with laws and procedures herein alleged have been violated.

15.    In the case of *Aaron v City of Los Angeles*, the Court of Appeal, Second District, Division 5, held that the City was liable as the owner of Los Angeles Airport in inverse condemnation to the owners of residential property in the neighborhood and had its property value damaged and reduced in market value by the noise from jet aircraft taking and landing at the airport; and in the landmark case of *United States v Causby*, 328 U.S 256 (1946), the Supreme Court held that the taking of property without compensation was in violation of the Fifth Amendment of United States Constitution.

16. On June 23, 2005, the Supreme Court of California upheld the constitutionality of the California Coastal Commision that has authority for land use planning along the state's coastline including, but not limited to hearing applications for coastal permits, promulgating regulations to preserve coastal resources, including, but not limited to, palm trees.

17.    Defendants DOES 1 through 50, inclusive, are sued herein under fictitious names. Their true names and capacities are known to Plaintiffs.  When their true names and capacities are ascertained, Plaintiffs will amend this Complaint by inserting their true names and capacities herein. Each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and Plaintiffs' damages as herein alleged were proximately caused by those Defendants. Each reference in this Complaint to

"Defendant," "Defendants," or specifically named Defendant, refers also to all Defendants sued under fictitious names.

18.     Each of the Defendants, including all Defendants sued under fictitious names, was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of this agency and employment.

19.     At all times relevant herein, Defendants have acted under the color of authority of the law of the State of California, of the United States, or in active concert with such Defendants who are so acting.

20.     Relief is sought against each and all defendants as well as their agents, assistants, successor, employees and persons acting in concert or cooperation with them or at their direction or under supervision.

### III. JURISDICTION AND VENUE

21.     Federal court jurisdiction of the federal law questions is founded upon Title 28 U.S.C. sections 1331 and 1343. This Court has supplemental jurisdiction of the state law claims regarding the same transaction and events under 28 U.S.C. §1367(a) in that those claims form part of the same case or controversy under Article III of the United States Constitution.

22.     Plaintiff's claims, alleged herein, arose in this district. Therefore, venue lies in the Southern District of California pursuant to 28 U.S.C. §1391(b)(c).

### IV. GENERAL ALLEGATIONS

23.     PLAINTIFFS make the following allegations based upon information and belief. The paragraphs below will refer to information in numerous documents relating to this lawsuit, all of which will be duly filed with this court as a part of the record of proceedings, herein incorporated by reference.

24.     On or about April 4, 2008, PLAINTIFFS purchased its SUBJECT PROPERTY that included the ambience and style of being surrounded by tall and iconic palm trees majestically lined up in regal fashion. PLAINTIFFS allege that the CITY OF

5

SAN DIEGO has long coveted the palm trees for its own agenda. Upon information and belief the palm trees to be extracted in Point Loma appear to be Fan Palms that are indigenous to the State of California that require protection by the California Coastal Commission. The current attempt to take or remove these palm trees while evading an eminent domain action would use federal FAA money to extract these trees as putative "mitigation" of the environmental impacts by the San Diego International Airport miles away.

25.   Plaintiff's at the time they purchased their property, reasonably assumed that the historical palm trees would continue to grow, thus embellishing its property value and the aestehics of the coastal neighborhoods as planned by the father of Ocean Beach, Charlie Collier that planted the palm trees on or about 1910 before anyone put an airfield at Lindbergh field that opened on August 16, 1928.

26.   Inverse Condemnation is a Fifth Amendment, US Constitution legal concept that entitles property owners to just compensation if their property is damaged or diminished by a public use.

27.   Meanwhile, without any proper environmental analysis, without any explanation of a public purpose or description of the "project" the defendants has threatened to willy-nilly extract, mutilate and remove palm trees notwithstanding the vehement objections of the PLAINTIFFS and other homeowners and taxpayers in this district.

**FIRST CAUSE OF ACTION**

VIOLATION OF REAL PROPERTY ACT

(Against FAA and the San Diego International Airport)

28.   PLAINTIFFS incorporate all previous allegations as if fully set forth, and for a first caue of action, alleges as follows:

29.   DEFENDANT FAA is required to administer and monitor the federal Real Property Act, 59, CFR 24 ("Real Property Act").

International Airport attempt to skirt payment of compensation to acquire or utilize property interests based on an alleged public benefit.

31. By the actions of the FAA as alleged in this suit, the FAA has knowingly or negligently allowed the San Diego International Airport to violate the Real Property Act though its actions as alleged in this suit.

32. The property of the plaintiffs will be damaged or taken by the Airport methodical and systematic destruction of the palm trees. Plaintiff's will prove that the destruction of the palm trees are done not for an ostensible or altrustic airport related project, but for an undisclosed hidden agenda by the SAN DIEGO FORESTER and to use public funds for that purpose.

33. As alleged herein, all threatened loss of palm trees in the subdivision, including plaintiff's, has incurred loss of value, and loss of all or some use by the Airport Authority's alleged safety concerns.

34. The FAA has thereby allowed the CITY FORESTER to advance the time of condemnation and that the PLAINTIFFS request that the defendants deposit funds with the court, and to take other coercive action in order to induce an agreement on the price to be paid for property, and to limit acquisitions to those owners sufficiently distressed to compel their sale.

## SECOND CAUSE OF ACTION

VIOLATION OF FIFTH AMENDMENT DUE PROCESS AND CIVIL RIGHTS

(42 USC §1983, Against all Defendants)

35. PLAINTIFFS incorporate all previous allegations as if fully set forth, and for a second cause of action, alleges as follows:

36. By its acts, policies and practices, the Authority has deprived plaintiffs of their due process rights under the Fourteenth Amendment of the United States Constitution. The oppressive tactics taken by the Authority deprives plaintiffs of their right to just compensation under the Fifth Amendment of the U.S. Constitution and Art. 1, §19 of the California Constitution.

7

37. Plaintiffs see damages already incurred and request an injunction against further impositions upon the value and use of its private property, and such other relief as provided by law.

## THIRD CAUSE OF ACTION

### INVERSE CONDEMNATION DAMAGES

38. PLAINTIFFS incorporate all previous allegations as if fully set forth, and for a third cause of action, alleges as follows:

39. The California and United States constitutions require just compensation for a taking of private property for public purposes.

40. By the following actions, the Airport Authority has imposed inverse condemnation damages upon the plaintiffs:

a. Depreciation to their single family residence due to threatened removal of palm trees. By repeated conduct of the CITY FORESTER, the PLAINTIFFS' property has depreciated. Any offers to purchase PLAINTIFFS single family residence under such threat results in a distressed sale.

b. Impairment of improvements. The public acquisition of private properties in the PLAINTIFFS subdivision has damaged and is damaging the ability of the PLAINTIFFS to economically acquire the infrastructure to improve their properties and the subdivision.

c. Increased flooding. The removal of the palm trees will cause ponding, reduced drainage, and increased flooding throughout the subdivision and at PLAINTIFFS' properties.

41. PLAINTIFFS seek a judgment that the public acquisition of private properties and the removal of public palm trees as to the property value of the PLAINTIFFS residence and for the award of those damages by a jury. PLAINTIFFS also seek precondemnation damages caused by the Authority's statements that all palm trees will be removed to protect the airspace that surrounds San Diego International Airport

8

## FOURTH CAUSE OF ACTION

VIOLATIONS OF THE CALIFORNIA ENVIRONMENTAL QUALITY ACT

(Government Code §§21000 et seq., Against All Defendants)

42.    PLAINTIFFS incorporate all previous allegations as if fully set forth, and for a fourth cause of action, alleges as follows.

43.    The San Diego International Airport ("DEFENDANT") abused its discretion and failed to act in the manner required by law or was arbitrary and capricious in that it failed to conduct an environmental analysis in violation of the California Environmental Quality Act ("CEQA").

44.    A fair argument of potentially significant environmental impacts can be made by PLAINTIFFS as detailed in the allegations herein.

45.    By its arbitrary and capricious removal of the palm trees, the San Diego International Airport has embarked on a removal project without completing CEQA-mandated environmental review.

46.    Violations of the CEQA by the Authority include but are not limited to:

a.    Failure to provide public notice. The Authority is required under PRC §21092 to provide public notice of actions to the PLAINTIFFS.  CEQA invokes the policy of permitting full public participation throughout the environmental review process it commands.  The Authority never complied with PRC §21092.  It still hasn't.

b.    Failure to provide a proper project description. The Authority has never provided a definitive description of the Airport Project. The Authority has never described where and when the palm tree removal project might occur, how it would be achieved, how many properties it would acquire and where, when the mitigation would be achieved.

c.    Failure to analyze and describe potentially significant environmental impacts of the project. The Authority's apparent plan to "remove" the palm trees, or some of them, somewhere, would create significant environmental impacts, including but not limited to the removal of the drainage system that was constructed to drain the surface of the

9

subdivision, resulting in changed drainage.  It would change land use.  It would propagate invasion of protected species on adjacent private lands.

d.    Failure to describe and analyze habitat impacts. The palm tree removal project is apparently predicated upon airport safety as substitution for the impacts caused by the airport expansion. However, the Authority has no basis at all for identifying and describing where, what and how such habitat will be created, much less analyze the impacts of those efforts upon adjoining private properties. Creating habitat next to private property will potentially impact adjoining private properties by exposing those properties to species invasion.

e.    Failure to analyze alternatives. CEQA required a formal description and evaluation of alternative to a proposed project.  The random extraction or removal of palm trees had never been compared with other alternatives which might be more or less successful in achieving the mitigation once a mitigation project is actually described for proper comparison.

47.    Therefore, PLAINTIFFS seek an immediate injunction of the Court to enjoin any removal of the palm trees within the subdivision, to pursue any regulatory approvals, or to implement any physical changes to the palm trees pending any final ruling, decision, mandate or permanent injunction of the Court, and that a writ issue mandating conformance with CEQA, including an EIR properly describing and analyzing the project and alternatives to it.

## FIFTH CAUSE OF ACTION

VIOLATION OF CONSTITUTION PROHIBITION OF PRIVATE GIFTS OF PUBLIC MONEY

(California Constitution Article XVI, §6, Against Authority Only)

48.    PLAINTIFFS incorporate all previous allegations as if fully set forth, and for a fifth cause of action, alleges as follows:

49.   California Constitution Article XVI, §6, prohibits gifts of public funds for private purpose as alleged by the tortious conduct of the CITY OF SAN DIEGO FORESTER, BRIAN K WIDENER.

50.   PLAINTIFFS seek an injunction, writ of mandate or other such relief as may be necessary by the Court to prohibit the San Diego International Airport use of public funds to extract any palm trees that are scheduled for removal.

## PRAYER

WHEREFORE, PLAINTIFFS pray:

1.   That the Court issue a writ of mandate requiring the Authority's compliance with the California Environmental Quality Act by the certification on an environmental impact report addressing all potential environmental impacts of the proposed mitigation, with notice to the plaintiff and all private property owners providing compliance with CEQA;

2.   For a judgment of inverse condemnation caused by San Diego International Airport by the promotion of extracting, removing or mutilating 100 year old palm trees that embellish PLAINTIFFS subdivision, and by the impairment of easements and other means of improving the plaintiffs' property and to other property owners, and for a jury trial for an award of damages.

3.   For such injunctive and declaratory relief as in the Court's judgment is necessary to compel compliance with the federal Real Property Act, the California Constitution prohibition against the gifts of public funds, and to guarantee plaintiffs' due process and civil rights;

4.   For costs of the suit and attorney's fees; and

5.   For other and further relief s the court finds proper.

Date: October 28, 2021      s/s Marc Steven Applbaum_____
                            Marc Steven Applbaum, Esq.
                            Attorney for PLAINTIFFS

11

## VERIFICATION

I am a PLAINTIFF in the above-entitled action. Pursuant to California Code of Civil Procedure §446, I have read the foregoing Complaint and am familiar with its contents. I am informed and believe that the matters contained within it are true and on that ground allege that the matters stated are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. I make this declaration and verification in San Diego, California.

Dated: October 27, 2021

_____
JOHN VAN DE WALKER

_____
TRACY VAN DE WALKER

12

# EXHIBIT A

1

## The Midway Law Firm APC

ATTORNEYS AT LAW

4275 Executive Square, Suite 200 La Jolla, Ca 92037

**Lawyer**

Marc Steven Applbaum

October 21, 2021

Sent by USPS and via email to bwidener@sandiego.gov mayortoddgloria@sandiego.gov cityattorney@sandiego.gov cpittam@sandiego.gov

Todd Gloria
San Diego Mayor
202 C Street, 11ᵗʰ Floor
San Diego, CA 92101

Brian K. Widener
San Diego City Forester
202 C Street
San Diego, CA 92101

San Diego International Airport
Ralph Redman, Manager, Airport Planning
Dennis Probst-Vice President
Brendan Reed-Director, Planning & Environmental Affairs
Manager, Airport Planning
PO Box 82776
San Diego, CA 92138-2776

San Diego City Attorney
Mara W. Eliott, Esq.
Land Use Litigation Unit
1200 Third Street, Suite 1620
San Diego, CA 92101

Federal Aviation Administration (FAA)
Attention: Dale Ralph, Operations Manager
9175 Kearney Villa Road
San Diego, CA 92126

Re:  **Formal Notice to Cease and Desist**
        Our Clients: John and Tracy Van De Walker
        Property Address: 4404 Newport Avenue, San Diego, CA 92107 ("Subject Property")

2

To Whom It May Concern:

This letter is a formal demand that you cease and desist on removing palm trees scheduled for removal.

I am an attorney at Midway Law Firm APC.  John and Tracy Van De Walker has engaged my law office to file a civil complaint in the Southern District of California and obtain a TRO to enjoin the San Diego City Forester from removing palm trees in accordance to the correspondence dated October 8, 2021. (A true copy is attached hereto).

My lawsuit will be based on Inverse Condemnation and filed against the City of San Diego, FAA and the San Diego County Regional Airport Authority under Art. I, Sec. 19 of the California Constitution and the Fifth Amendment to the United States Constitution.  The basis is that my clients own and are possession of a single family residence located at 4404 Newport Avenue, San Diego, CA 92107 that is currently assessed at $1.765M by the San Diego County Assessor.

For the record, my clients paid a premium for a home with surrounding palm trees.

As a result of the taking of the palm trees as referenced in the October 8, 2021 correspondence my clients will suffer various damages, including, but not limited to, diminution and loss of property value, reduced marketability, costs for engineers, appraisers and other experts to analyze damages to the Subject Property and the costs to mitigate its damages.

If the palm trees are extracted by the City of San Diego City Forester, it will have damaged and taken property, entitling my clients to just compensation under Article I, Section 19 of the California Constitution, and under the Fifth, and Fourteenth Amendments to the United States Constitution.

Moreover, my clients will be entitled to recover costs, including, but not limited to disbursements, and expenses including attorney fees and costs.

Further, my clients vehemently believe that there is neither obstruction nor interference with airport safety or has a detrimental impact on airport operations, such as the type referenced in the correspondence.

My clients also believe that the City of San Diego Planning Commission has not yet conducted an environmental impact study or conducted open hearings prior to scheduling the removal of palm trees that further warrants a cease and desist.

Accordingly, I must receive immediate notice that my demand is being granted for the reasons as stated herein.

Please contact me if you have any questions pertaining to this matter.

Marc Applbaum Esq.
Midway Law Firm APC

3

cc:

John and Tracy Van De Walker

Courtney Pittam
San Diego City Press Secretary

Sierra Club San Diego Chapter

# EXHIBIT B



**SAN DIEGO**
INTERNATIONAL AIRPORT
LET'S **GO.**

October 8, 2021

Property Owner
4404 Newport Ave.
San Diego, CA 92107

Re:  Notice to Adjacent Property Owners – City of San Diego Airport Obstruction Removal

Dear Rroperty Owner:

The Federal Aviation Administration (FAA) requires airport owners to survey the surrounding airspace and runway approach paths. An independent survey recently conducted on behalf of the San Diego County Regional Airport Authority (the "Authority") show a palm tree (see attached map) located in the public right-of-way adjacent to 4404 Newport Ave. that intrudes into the protected airspace that surrounds San Diego International Airport ("SDIA").

Obstructions, such as the ones identified above, have a detrimental impact on airport operations, particularly during periods of reduced visibility, low clouds, or nighttime operations. Moreover, obstructions constitute a violation of California Public Utilities Code Section 21659(a).  The Authority is the entity tasked with ensuring the mitigation of obstructions surrounding SDIA. Accordingly, the Authority is working with the City of San Diego to mitigate these obstructions to meet California and Federal requirements.

The tree(s) identified above are scheduled for removal by a City of San Diego contractor within the next few weeks. Please contact Ralph Redman at rredman@san.org or 619-400-2464 if you have any questions or concerns regarding the tree removal.

ET'S **GO.**

You may request a new street tree by visiting the City of San Diego's Urban Forestry webpage: www.sandiego.gov/trees by clicking on the Free Tree SD feature.

Sincerely,

Ralph Redman
Manager, Airport Planning

Cc:  ·  Dennis Probst, Vice President, Development
        Brendan Reed, Director, Planning & Environmental Affairs





# Frequently Asked Questions

Date:       October 8, 2021
To:         Interested Parties
From:       San Diego County Regional Airport Authority
Subject:    Airport Obstruction Removal - FAQs

---

The following provides responses to frequently asked questions regarding airport obstruction removal.

**Question #1** – What is an obstruction and how does the airport determine what constitutes an airport obstruction?

Response – An obstruction is an object that, upon evaluation, is determined by the Federal Aviation Administration (FAA) to require removal or proper marking, lighting, and identification in aeronautical publications so that it may be easily recognized by pilots of aircraft navigating thru the airspace.  The airport conducted an aeronautical survey in 2020 to identify all the obstructions surrounding San Diego International Airport (SDIA).

**Question #2** - Why is airport obstruction removal required?

Response – The safety of flight and welfare of the general public is contingent on preventing airspace hazards.  Federal and State regulations require the Airport Authority to work to protect the navigable airspace surrounding SDIA (see FAA Grant Assurance #20 and California Public Utilities Code Section 21659(a) for further information).

Certain fixed objects, such as a building, may be mitigated by requiring marking and lighting, however, it is impractical to light vegetation, such as a tree, and the tree will continue to grow taller, thus making it an object requiring removal.

**Question #3** - How often are obstruction surveys completed by the airport?

Response – Obstruction surveys are done on a semi-regular basis, anywhere from 5-10 years apart.  Prior to the 2020 survey, the last obstruction survey for SDIA was conducted in 2012.





**Question #4** - Is San Diego International Airport currently operating in an unsafe environment?

Response – No.  The airport is operating with a full margin of safety.  Newly identified obstructions are approaching that safety margin, which necessitates mitigating them, or if that does not occur, altering flight procedures.

**Question #5** - If the obstructions are mitigated will this mean that aircraft will fly at a lower altitude?

Response – No.  Mitigating the obstructions allows the current procedures to be used as they are today with no changes of altitude or conditions of use.

**Question #6** - What are the implications if the obstructions are not mitigated?

Response – If obstructions are not mitigated, certain flight procedures for aircraft operating at SDIA could be restricted to daytime use only or be made unusable completely.  In the long-term, this could require the FAA and airlines to redesign the airport's flight procedures, which could negatively affect the operations at SDIA.

**Question #7** - Does the Airport Authority need to remove the trees, can they be trimmed instead?

Response – Dependent upon the type of tree and how much of the tree needs to be mitigated, a tree will either be trimmed or it will be removed.  If enough of the tree crown needs to be trimmed it may kill the tree, thus removal is the best practice.

**Question #8** - Does a new tree automatically get replanted?

Response – No.  You may request a new street tree by visiting the City of San Diego's Urban Forestry webpage: www.sandiego.gov/trees by clicking on the Free Tree SD feature.

**Question #9** – What type of trees will get replanted after these ones are removed?

Response – If it is a tree provided by the City of San Diego, trees that are approved as part of the City of San Diego Urban Forestry Plan will be planted, with preference given to native tree species over non-native tree species.

